IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA, )
      RESPONDENT, )
) DOCKET NUMBER 99-cr-0027-001
)
V. )
)
)
JAVIER MORA-PEREZ, )
      PETITIONER, )

RECEIVED FEB 0 6 2006 CLERK U.S. DISTRICT COURT ANCHORAGE ALASKA

## PETITIONER'S MOTION TO OPPOSE DEPORTATION

NOW COMES the Petitioner, Javier Mora-Perez, proceeding Pro Se in the above-captioned matter and respectfully moves this Honorable Court to issue and Order to cease any/all deportation proceedings pending against the Petitioner, who bears Alien Number A92-192-379.

WHEREFORE, the Petitioner has attached a Memorandum Of Law to support the Petitioner's Motion. The Petitioner PRAYS that this Honorable Court ALLOWS and GRANTS the Petitioner's motion.

Respectfully Submitted,

*[signature]*

Javier Mora-Perez, Pro se
Federal Reg. Number 13130-006
FCI Ray Brook
Post Office Box 900
Ray Brook, New York 12977

DATED: 01-23-06

CASE BACKGROUND.

On 7/10/2000, the Petitioner appeared before the Honorable Court and received a sentence of 108 months of incarceration that is going to be followed by 60 months of Supervised Release for a total sentence of 168 months. This sentence stems from an Indictment that charged the Petitioner with a violation of 21 U.S.C. § 841(A)(1), Possession with intent to Distribute an unspecified amount of a mixture containing cocaine (powder).

PETITIONER'S TRANSFER TO THE FEDERAL BUREAU OF PRISONS.

Upon the Petitioner's sentence, he was then transfered to a Federal Bureau Of Prisons Facility, to be specific, Elkton, Ohio. On September 13, 2000, the Petitioner received a "Detainer Action Letter" from prison Officials that was addressed to U.S. Immigration and Naturalization Services in Cleveland Ohio (See **Ex. "A"**). Contained within that Action Letter , it gives all of the details of the Petitioner and it further stated that if INS was interesred in the Petitioner, that they should lodge an official detainer on Mr. Mora-Perez. No reply was ever received from INS.

A short time later. another "Detainer Action Letter" was forwarded from prison officials to INS requesting that a detainer be lodged against the Petitioner (See **Ex."B"**). Again, no reply was ever received regarding the Petitioner.

On 12/12/2002 another Detainer Action Letter  was filed, however, this time a reply stating **"A Detainer has been filed against this subject in your favor charging POSSIBLE deportation from the United States. Release is tentatively scheduled for**

4-6-07. A copy of your detainer was mailed to our Local INS Office in Cleveland OH. (See **Ex. "C"**)

As it stands, there is no Official Deportation process in Motion at that time. Shortly after the receipt of this Deatiner Action Letter, the Petitioner received an Immigration Detainer Notice Of Action (See **Ex. "D"**). As of this date the Petitioner has not received any other documents, notices or instruction from the Immigration Officials.

PETITIONER'S PERSONAL BACKGROUND.

The Petitioner was born on 8/23/65. At the age of 14 the Petitioner entered this country. The Petitioner is born of two loving parents, who, aside from the petitioner, brought other children into this world, all, who are currently legally in the United States raising families of their own. The Petitioner is married ans has a son of his own. Deportation of this Petitioner would definately cause a serious hardship for the Petitioner, his wife and son, but the rest of his family also.

MEMORANDUM OF LAW

Pursuant to § 216(c)(4) of Bender's Immigration and Nationality Act Pamphlet (Lexis Nexis) it states in part:

> "The Attorney General, in the Attorney's General's discretion, may remove the conditional basis of the permanent resident status for an alien who fails to meet the requirements of (1)......(A) Extreme Hardship would result if the alien was removed......

In this matter, the removal of Mr. Mora-Perez would surely mean certain devastation for the family financially, for the marriage and the family unit as a whole. The 108

(2)

months that the family has had to endure has proven to be a true test of survival for the Petitioner's family and has stretched the marriage to its limits. Deportation of the Petitioner would certainly be the straw that broke the Camel's back. The Petitioner is NOT serving a sentence of Reentry and this would be his first encounter with INS and a situation of this nature.

Although Official Deportation proceedings have not yet begun, the Petitioner has been a lawful resident of the United States for 25 years. Pursuant to 8 U.S.C. § 1537, the presiding Immigration Judge can Order that the Petitioner can be released pending the outcome of the proceedings. In this matter, this would prove to be most productive due to the fact that the Petitioner would be able to participate in the support of his wife and son. The Petitioner poses no threat to the community, his family or himself if released. The Petitioner has a residence with his wife and his family, this information is available upon request from the Court or INS Officials.

Since the Petitioner has been incarcerated, he has participated in various programs such as a drug rehabilitation program. He receives above-average work reports and is deeply involved in his religious study and the church.( See **In Re Shaugnessy,** (1968, BIA) 12 I & N Dec 810.

Also, **Id.** In reviewing an application for deportation, the BIA will consider whether an Alien's Family Ties, Long Residence (As in this case, 25 years in the United States) Employment, business or property ties in the United States.

(3)

Other factors that should be considered is service in the military or community and rehabilitatitive efforts if convicted of a crime or other proof of good character, to see if they outweigh such unfavorable factors as circumstances surrounding his deportation or exclusion. (See Pablo v. INS, 72 F.3d 110, 95 CDOS 9857, 95 Daily Journal, DAR 17161 (CA9, 1995).

## CONCLUSION

For the reasons set forth herein and in the interest of Justice, the Petitioner respectfully requests that this motion to oppose deportation is Allowed and granted.

Respectfully Submitted,

*Javier Mora*

Javier Mora-Perez, Pro se
Fed.Reg.No. 13130-006
FCI Ray Brook
Post Office Box 900
Ray Brook, New York 12977

DATED: 01-23-06

(4)

## CERTIFICATE OF SERVICE

I, Javier Mora-Perez, do hereby certify that I have served a true copy of the aforementioned document via first class, pre-paid postage to the following offices:

THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
222 W. SEVENTH AVENUE
ANCHORAGE, AK 99701
ATTENTION: OFFICE OF THE CLERK OF COURT FOR THE
          HONORABLE FITZGERALD

THE OFFICE OF THE U.S. ATTORNEY'S OFFICE LOCATED AT THE
SAME ADDRESS AS THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ALASKA, ANCHORAGE 99701

U.S. IMMIGRATION AND NATURALIZATION
1240 E. 9TH STREET
ROOM 1917
CLEVELAND OHIO 44199-2085


THIS DOCUMENT HAS BEEN SIGNED PURSUANT TO 28 U.S.C. § 1746


Respectfully,

*Javier Mora*
Javier Mora-Perez